# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** AETNA INC., a Connecticut corporation, AETNA
*(AVISO AL DEMANDADO):* HEALTH OF CALIFORNIA, INC., a California corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ROSALIE VACCARINO, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
9/21/2018
D. Rosenbloom
By Fax

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Riverside
4050 Main Street
Riverside, California 92501

**CASE NUMBER:**
*(Número del Caso):*
**RIC1819360**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Scott C. Glovsky
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Scott Glovsky, APC
343 Harvard Avenue, Claremont, CA 91711
(626) 243-5598

DATE: **9/21/2018**    Clerk, by D. Rosenbloom, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

RECEIVED
OCT 17 2018
AW OPERATION

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Aetna, Inc.
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Scott C. Glovsky, Bar No. 170477
Email: sglovsky@scottglovskylaw.com
Ari Dybnis, Bar No. 272767
Email: adybnis@scottglovskylaw.com
LAW OFFICES OF SCOTT C. GLOVSKY, APC
343 Harvard Avenue
Claremont, CA 91711
Website: www.scottglovsky.com
Telephone: (626) 243-5598
Facsimile: (866) 243-2243

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Riverside
9/21/2018
D. Rosenbloom
By Fax

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ROSALIE VACCARINO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AETNA INC., a Connecticut corporation, AETNA HEALTH OF CALIFORNIA, INC., a California corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: **RIC1819360** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. Breach of Contract; and <br><br> 2. Breach of the Duty of Good Faith and Fair Dealing. |

Plaintiff Rosalie Vaccarino, an individual, alleges based on her personal knowledge with respect to her own acts and on information and belief with respect to all other matters:

**GENERAL ALLEGATIONS**

1.

**INTRODUCTION**

1. Plaintiff Rosalie Vaccarino ("Rosalie") is a seventy-eight–year-old woman suffering from colon cancer. She was diagnosed in or about August of 2017 and at the time she had a health maintenance organization ("HMO") health plan provided by defendant Aetna Health of California, Inc. ("Aetna"). In or about September of 2017, Rosalie had surgery to remove cancerous tumors and her oncologist then prescribed chemotherapy to begin as soon as possible.

2. Despite Aetna's legal and contractual obligation to provide coverage for medically necessary services and treatments, when Rosalie and her doctors sought coverage for chemotherapy, Aetna denied numerous requests from November of 2017 through February of 2018 asserting each time that the treatment is not medically necessary. In or about March of 2018, Rosalie switched to a Preferred Provider Organization health plan that Aetna offered and when her provider submitted a request for chemotherapy to the new Aetna health plan, it was approved as medically necessary. Unfortunately, the delay allowed new cancerous tumors to rapidly grow and caused severe physical injury.

3. Additionally, Aetna's unlawful behavior has caused Rosalie to suffer emotional distress which only further aggravates her physical condition.

## 2.

## THE PARTIES

4. Plaintiff Rosalie Vaccarino lives and has lived at all relevant times in Riverside County, California.

5. Defendant Aetna, Inc. is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, and authorized to transact and transacting business in the State of California. Aetna, Inc. is a publicly traded company and is one of the nation's largest healthcare providers, providing healthcare coverage to more than 22 million Americans.

6. Defendant Aetna Health of California, Inc. ("Aetna") is a subsidiary of Aetna, Inc., and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of California and authorized to transact and transacting business in the State of

California.

7. Plaintiff is informed and believes that defendants were in a joint venture to provide the services that are the subject of this lawsuit, and that several of the persons involved in the issuance of the policy, and the claims handling for the requests for benefits, were employees of Aetna, Inc. Aetna Inc. exercises joint control with Aetna over a managed health care business by dictating the policies and procedures that the managed health care business employs when determining whether or not to cover subscriber claims for treatment. Aetna, Inc. employees also review and intake the subscribers' claims and ultimately make the decision based on Aetna, Inc.'s policies and practices whether or not to grant coverage for the claims. Upon information and belief, Aetna Inc. and Aetna share physical facilities, record systems, and many administrative systems relating to the managed health care business. Plaintiffs are also informed and believe that these companies share the profits of the managed health care business. In other words, plaintiffs are informed and believe that these companies have split the shared control of the managed health care business so that Aetna manages the public persona and some of the organizational duties of the managed health care business while Aetna, Inc. controls the management of subscriber claims.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 100, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Each of the defendants named herein as a Doe is responsible in some manner for the events and happenings hereinafter referred to, and some of plaintiff's damages as herein alleged were proximately caused by such defendants. Plaintiff will seek leave to amend this complaint to show said defendants' true names and capacities when the same have been ascertained.

9. At all times mentioned herein, each of the defendants was the agent or employee of each of the other defendants, or an independent contractor, or joint venturer, and in doing the things herein alleged, each such defendant was acting within the purpose and scope of said agency and/or employment and with the permission and consent of each other defendant.

//

3

COMPLAINT AND DEMAND FOR JURY TRIAL

## 3.

## FACTUAL BACKGROUND

10. Starting before August of 2017 through March of 2018, plaintiff Rosalie Vaccarino ("Rosalie") was covered under a health care plan issued by Aetna. The plan was a HMO plan. Rosalie is the subscriber for the plan through which Aetna promised to provide assessment, diagnosis and medically necessary treatment.

11. In or about August of 2017, Rosalie was diagnosed with advanced colon cancer. Noting the severity of her condition, Rosalie's oncologist scheduled her for a surgery to remove cancerous tumors for September of 2017. Following the surgery, Rosalie's oncologist prescribed a treatment of chemotherapy to start immediately following the surgery. The chemotherapy was medically necessary to halt any future tumors from growing to replace the ones removed or at the very least slow down any tumor growth and time was of the essence as any delay would allow aggressive tumor growth.

12. Despite the exigency and medical necessity of the chemotherapy, Aetna denied Rosalie's request in or about November of 2017 asserting that the chemotherapy is not medically necessary for Rosalie's condition. Rosalie's doctors continued to request chemotherapy and Aetna again denied the request in or about January of 2018 and then again in February of 2018. During this time period, Aetna also denied coverage for a medically necessary gene sequence testing, also for a purported lack of medical necessity.

13. In or about March of 2018, Rosalie switched Aetna plans from the HMO plan to a PPO plan and again sought coverage for the chemotherapy. Surprisingly, Aetna approved coverage and appropriately deemed the treatment as medically necessary. Unfortunately in the four month period that Rosalie tried to get chemotherapy but in which Aetna denied it, Rosalie had a tumor grow back to the size of the tumor that she had removed in September.

14. Had it not been for Aetna's denials and delays, the tumor would not have grown back at all or at the very least would not have grown back as quickly or to the size that it was. Additionally, Aetna's unlawful behavior has caused Rosalie to suffer from emotional distress which only further aggravates her physical condition.

4

15. Rosalie's injuries cannot be remedied by a reversal of the coverage determination because she has suffered irreversible emotional and physical injury as a result of defendant's conduct, in addition to economic injuries.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS AND DOES 1 THROUGH 100, INCLUSIVE, AND EACH OF THEM, FOR BREACH OF CONTRACT, ALLEGES:

16. Plaintiff incorporates by reference each and every paragraph of the General Allegations as though set forth in full in this cause of action.

17. Aetna issued a health care policy, the material terms of which include, without limitation, that Rosalie was to have timely access to and coverage for medically necessary treatment. Plaintiff complied with all of her obligations under the contract, yet Defendants breached their contractual duties owed to Plaintiff by failing to provide Rosalie with timely access to and coverage for medically necessary chemotherapy on numerous occasions.

18. Defendants' refusals to pay for the chemotherapy treatment on numerous occasions have caused Rosalie to receive less care than was recommended by her treating providers to treat her condition, and this has caused Rosalie to suffer injuries including aggressive tumor growth and emotional distress.

19. Plaintiff is informed and believes and thereon alleges that defendants and Does 1-100, inclusive, have breached their contractual duties owed to plaintiff by other acts or omissions of which plaintiff is presently unaware and which will be shown according to proof at the time of trial.

20. As a direct and proximate result of defendants' conduct and breach of its contractual obligations, plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION

**(Breach of the Duty of Good Faith and Fair Dealing)**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS AND DOES 1 THROUGH 100, INCLUSIVE, AND EACH OF THEM, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

21. Plaintiff incorporates by reference each and every of the foregoing paragraphs as though set forth in full in this cause of action.

22. Aetna issued a health care policy, the material terms of which include, without limitation, that Rosalie was to have timely access to and coverage for medically necessary treatment.

23. Notwithstanding defendants' legal and contractual obligations, defendants repeatedly and consistently refused to provide benefits for chemotherapy treatment, as outlined in the foregoing paragraphs.

24. Therefore, by refusing to provide Rosalie with timely benefits, defendants not only breached the contract, but also acted unreasonably and subjected themselves to bad faith liability. As a consequence of defendants' unreasonable and wrongful refusal to pay for Rosalie's treatment, either at all and/or in a timely fashion, Rosalie suffered physical injuries as well as unnecessary emotional distress. Additionally, plaintiff was forced to incur out-of-pocket costs, despite her fulfillment of all contractual obligations.

25. Defendants breached their duty of good faith and fair dealing owed to plaintiff by failing to provide her with timely access to medically necessary care and treatment. In addition, Defendants, and each of them, breached their duty of good faith and fair dealing under the Plan as follows:

    (a) Unreasonably denying benefits under the Plan;

    (b) Unreasonably refusing to cover medically necessary services;

    (c) Unreasonably engaging in a pattern and practice of delaying and denying coverage for members;

    (d) Unreasonably failing to adequately investigate the request for benefits;

6

COMPLAINT AND DEMAND FOR JURY TRIAL

(e) Unreasonably making treatment decisions based on financial concerns;

(f) Unreasonably using utilization guidelines that are unreasonably stringent and stop members from receiving medically necessary care; and

(g) Unreasonably failing and refusing to give at least as much consideration to plaintiffs' interests as they gave to their own interests.

26. Plaintiff is informed and believes and thereon alleges that defendants and Does 1-100, inclusive, have breached their duties of good faith and fair dealing owed to plaintiff by other acts or omissions of which plaintiff is presently unaware and which will be shown according to proof at the time of trial.

27. As a proximate result of the aforementioned unreasonable and bad faith conduct of defendants, plaintiff has suffered, and will continue to suffer in the future, damages under the plan contract, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

28. As a further proximate result of the aforementioned wrongful conduct of defendants as alleged in this cause of action, plaintiff has suffered emotional distress, all to plaintiff's general damage in a sum to be determined at the time of trial.

29. As a further proximate result of the unreasonable and bad faith conduct of defendants as alleged in this cause of action, plaintiff was compelled to retain legal counsel and expend costs in an effort to obtain the benefits due under the plan contract. Therefore, defendants as alleged in this cause of action are liable to plaintiff for those attorneys' fees and litigation costs reasonably necessary and incurred by plaintiff in order to obtain the plan benefits in a sum to be determined at trial.

30. Defendants' conduct described herein was intended by the defendants to cause injury to plaintiff or was despicable conduct carried on by the defendants with a willful and conscious disregard of the rights of plaintiff, or subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendants with the intention to deprive plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or

fraud under California Civil Code section 3294, thereby entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of defendants.

31. Defendants' conduct described herein was undertaken by the corporate defendants' officers or managing agents, identified herein as DOES 1 through 100, inclusive, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate defendants. Said corporate defendants further had advance knowledge of the actions and conduct of said individuals whose action and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to plaintiff at this time and are therefore identified and designated herein as DOES 1 through 100.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

AS TO THE FIRST CAUSE OF ACTION:

1. For special and general damages according to proof at the time of trial;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

AS TO THE SECOND CAUSE OF ACTION:

4. For special and general damages according to proof at the time of trial;
5. For punitive damages;
6. For attorney's fees and litigation costs;
7. For costs of suit incurred herein; and
8. For such other and further relief as the Court deems just and proper.

Dated this 20th day of September 2018, at Claremont, California.

LAW OFFICES OF SCOTT GLOVSKY, APC

By: _____
SCOTT C. GLOVSKY
ARI DYBNIS
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: September 20, 2018          LAW OFFICES OF SCOTT C. GLOVSKY

By: _____
SCOTT C. GLOVSKY
ARI DYBNIS
Attorneys for Plaintiffs

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Scott C. Glovsky, Esq.<br>LAW OFFICES OF SCOTT C. GLOVSKY<br>343 Harvard Ave.  Claremont, CA 91711<br>TELEPHONE NO.: (626) 243-5598 \| FAX NO. (886) 243-2243 \| E-MAIL ADDRESS *(Optional)*: aheath@scottglovskylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Rosalie Vaccarino | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>OCT - 3 2018<br><br>J. Marcial |

RIVERSIDE COUNTY SUPERIOR COURT
STREET ADDRESS: 4050 MAIN ST.
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501-3704
BRANCH NAME: RIVERSIDE

PLAINTIFF: Rosalie Vaccarino
DEFENDANT: Aetna Inc., et al.

CASE NUMBER: RIC1819360 Dept: 1

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: Vaccarino

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: Certificate of Counsel, Notice of Department Assignment, Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   **Aetna Health of California, Inc., a California Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Albert Damonte - Authorized to Accept Service**
4. Address where the party was served: **CT Corporation System**
   **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **9/28/2018**   (2) at *(time)*: **12:30 PM**
   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*:   from *(city)*:   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>POS010-1/CW267307 |

| | |
|---|---|
| PETITIONER: Rosalie Vaccarino | CASE NUMBER: |
| RESPONDENT: Aetna Inc., et al. | RIC1819360 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* **Aetna Health of California, Inc., a California Corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name: **Arman Mardigian - Cal West Attorney Services, Inc**
  b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
  c. Telephone number: **(213) 353-9100**
  d. **The fee** for service was: **$ 49.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner     ☐ employee     ☑ independent contractor.
        (ii) Registration No.: **6668**
        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/28/2018**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

          **Arman Mardigian**                                                     
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                  (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Scott C. Glovsky, Esq.<br>LAW OFFICES OF SCOTT C. GLOVSKY<br>343 Harvard Ave.  Claremont, CA 91711<br>TELEPHONE NO.: (626) 243-5598 \| FAX NO. (886) 243-2243 \| E-MAIL ADDRESS *(Optional)*: aheath@scottglovskylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Rosalie Vaccarino | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>OCT - 3 2018<br>J. Marcial<br><br>OCT 04 2018 |
| RIVERSIDE COUNTY SUPERIOR COURT<br>   STREET ADDRESS: 4050 MAIN ST.<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE: RIVERSIDE, CA 92501-3704<br>   BRANCH NAME: RIVERSIDE | |
| PLAINTIFF: Rosalie Vaccarino<br>DEFENDANT: Aetna Inc., et al. | CASE NUMBER: RIC1819360 Dept: 1 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Vaccarino |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Certificate of Counsel, Notice of Department Assignment, Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served):*
   **Aetna Inc., a Connecticut Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Albert Damonte - Authorized to Accept Service**

4. Address where the party was served: **CT Corporation System**
   **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/28/2018**   (2) at *(time):* **12:30 PM**
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/CW267305 |

| | |
|---|---|
| PETITIONER: Rosalie Vaccarino | CASE NUMBER: |
| RESPONDENT: Aetna Inc., et al. | RIC1819360 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* **Aetna Inc., a Connecticut Corporation**
    under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)                    ☐ 415.46 (occupant)
                                                                      ☐ other:

7. **Person who served papers**
    a. Name: **Arman Mardigian - Cal West Attorney Services, Inc**
    b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
    c. Telephone number: **(213) 353-9100**
    d. **The fee** for service was: **$ 21.00**
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner       ☐ employee     ☑ independent contractor.
            (ii) Registration No.: **6668**
            (iii) County: **Los Angeles**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **9/28/2018**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

                **Arman Mardigian**
      (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott C. Glovsky  SBN: 170477<br>Law Offices of Scott Glovsky, APC<br>343 Harvard Avenue<br>Claremont, CA 91711<br>TELEPHONE NO.: (626) 243-5598   FAX NO. *(Optional):* (866) 243-2243<br>E-MAIL ADDRESS *(Optional):* sglovsky@scottglovskylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>Superior Court of California<br>County of Riverside<br>10/22/2018<br>R. Loupe<br>By Fax |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: 4050 Main Street<br>CITY AND ZIP CODE: Riverside, CA 92501<br>BRANCH NAME: Riverside County Superior Court | |
| PLAINTIFF/PETITIONER: Rosalie Vaccarino<br>DEFENDANT/RESPONDENT: Aetna Inc., et al. | CASE NUMBER:<br>RIC1819360 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✓ other *(specify documents):* Certificate of Counsel; Notice of Dept. Assignment; Notice of CMC

3. a. Party served *(specify name of party as shown on documents served):*
   Aetna Inc., a Connecticut corporation

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   151 Farmington Avenue, Hartford, CT 06156-0001
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*   (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Rosalie Vaccarino | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Aetna Inc., et al. | RIC1819360 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* 10/09/18  (2) from *(city):* Claremont, CA

   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✓] On behalf of *(specify):* Aetna, Inc.
      under the following Code of Civil Procedure section:
      [✓] 416.10 (corporation)          [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)  [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association) [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership)      [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)                    [ ] 415.46 (occupant)
                                                    [ ] other:

7. **Person who served papers**
   a. Name: Alexander Heath
   b. Address: 343 Harvard Ave., Claremont, CA 91711
   c. Telephone number: (626) 243-5598
   d. The fee for service was: $ 0.00
   e. I am:
      (1) [✓] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor.
         (ii) Registration No.:
         (iii) County:

8. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 10/22/18

Alexander Heath
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)